IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>BRIGHTON EXTERIORS, INC., et al.<br><br>　　　　　　Defendants. | CIVIL ACTION<br>NO. 17-3905 |

**OPINION**

**Slomsky, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　**August 20, 2018**

**I.　　INTRODUCTION**

Before the Court is Defendant D.R. Horton, Inc.'s ("D.R. Horton") Motion to Transfer Venue to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404(a).[1] (Doc. No. 7.) A co-defendant, Defendant Brighton Exteriors, Inc. ("Brighton"), has joined in the Motion. (Doc. No. 16.)

Plaintiff State Farm Fire and Casualty Company ("State Farm") brings the instant action for declaratory judgment seeking, <u>inter</u> <u>alia</u>, a determination that it has no duty to defend or indemnify Defendant D.R. Horton, a home builder, which has its principal office in New Jersey, and Defendant Brighton, a contractor that does work in New Jersey, for claims currently being litigated in the Superior Court of New Jersey. (Doc. No. 1.) The claims in the New Jersey state

---

[1] Section 1404(a) provides as follows:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

1

court action arise from alleged deficiencies in construction and workmanship of residential homes located in New Jersey. (Id.)

For the reasons that follow, the Court will deny Defendants D.R. Horton and Brighton's Motion to Transfer Venue (Doc. No. 7).[2]

## II. BACKGROUND

On or about April 19, 2016, a group of New Jersey home buyers and owners filed suit in the Superior Court of New Jersey against D.R. Horton and certain New Jersey home sellers (the "Underlying Action"). (Doc. No. 1, Ex. I.) That action alleges various claims of improper design and installation of front stucco and brick facing, and other kinds of defective construction. (Id.) On or about July 12, 2016, D.R. Horton filed a Third-Party Complaint in the Underlying Action against various subcontractors, including Defendant Brighton. (Id.) The Third-Party Complaint seeks contractual indemnification, contribution, and common law indemnification in the event it is determined D.R. Horton is liable to the New Jersey home buyers and owners for deficiencies in construction. (Id. at 23-26.) At or about the time of the construction of the homes in the Underlying Action, Brighton was insured by State Farm. (Doc. No. 1, Exs. A-F.)

Plaintiff State Farm is a wholly owned subsidiary of State Farm Mutual Automobile Insurance Company, having its principal place of business in Bloomington, Illinois. (Doc. No. 1 ¶ 4.) Defendant Brighton is a corporation with its principal place of business in Trenton, New Jersey. (Doc. No. 7, Ex. A.) State Farm has issued policies providing liability coverage (collectively, "Contractors Policies") to Brighton over a period of six years. (Doc. No. 1, Exs. A-

---

[2] In reaching a decision, the Court has considered the Complaint (Doc. No. 1), Defendant D.R. Horton's Motion to Transfer Venue (Doc. No. 7), Plaintiff's Response in Opposition to Motion to Transfer Venue (Doc. No. 9), Defendant Brighton's Supplemental Memorandum of Law in Support of Joinder in Motion to Transfer Venue (Doc. No. 31), Plaintiff's Supplemental Response in Opposition to Defendant D.R. Horton's Motion to Transfer Venue (Doc. No. 32), Defendant D.R. Horton's Supplemental Brief in Support of Motion to Transfer Venue (Doc. No. 33), and the arguments of counsel at the hearing held on January 10, 2018 (Doc. No. 21).

F.) They were issued by a State Farm agent located in Pennsylvania. (Id.) The policies were issued to Brighton, with D.R. Horton listed as an additional insured. (Id.) The Contractors Policies were all issued to Brighton at its Pennsylvania address in New Hope, Pennsylvania.[3] (Id.) The location of covered premises in each policy is the same New Hope, Pennsylvania address. (Id.)

State Farm commenced in this Court the instant action seeking a declaratory judgment that it has no obligation to defend or indemnify either its insured, Brighton, or Brighton's additional insured, D.R. Horton, for the claims alleged in the Underlying Action pending in New Jersey. (Doc. No. 1 at 2.) Defendants seek transfer of the case to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404(a). (Doc. No. 7 at 4.)

**III.    STANDARD OF REVIEW**

Under 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any other district . . . where it might have been brought or to any district . . . to which all parties have consented" as long as it is "[f]or the convenience of the parties and witnesses" and "in the interest of justice." § 1404(a).[4] "The burden falls on the moving defendant to show the desirability of transferring venue and to present evidence upon which the court may rely in justifying transfer." McLaughlin v. GlaxoSmithKline, L.L.C., No. 12-3273, 2012 WL 4932016, at *2 (E.D. Pa. Oct. 17, 2012). Although the district court has wide discretion in transferring a

---

[3]    The named insured and mailing address is Brighton Exteriors, Inc., 6542A Lower York Road #173, New Hope, Pennsylvania 18938-1816. The Contractors Policies were renewed annually over a six (6) year period.

[4]    Plaintiff predicates subject matter jurisdiction on complete diversity of citizenship jurisdiction. (Doc. No. 1 ¶ 2 (citing 28 U.S.C. § 1332(a)).) In diversity of citizenship jurisdiction cases, federal law governs the determination of whether to transfer venue under § 1404(a), since the issue is procedural rather than substantive. See Jumara v. State Farm Ins. Co., 55 F.3d 873, 877 (3d Cir. 1995).

3

case, transfers should not be liberally granted. Cameli v. WNEP-16 The News Station, 134 F. Supp. 2d 403, 405 (E.D. Pa. 2001).

## IV. ANALYSIS

Defendants D.R. Horton and Brighton argue that the Court should transfer venue to the United States District Court for the District of New Jersey because New Jersey is the state where the insured's activities occurred, where the underlying disputes arose, where the Underlying Action for which coverage sought is pending, and where Plaintiff contemplated the "insured risk" would be. (Doc. No. 7 at 2.) The insured risk was the location where Plaintiff anticipated potential insurance claims under the Contractors Policies may arise. (Id.) In response, Plaintiff submits that transfer is not warranted as both the private and public factors identified in Jumara v. State Farm Ins. Co., 55 F.3d 873 (3d Cir. 1995), weigh in favor of retaining the case in this Court. (Doc. No. 9 at 1.)

Plaintiff asserts that the insured risk was assumed to be in Pennsylvania rather than New Jersey, and Pennsylvania is an appropriate venue for the instant action. (Id. at 4.) In support of this argument, Plaintiff alleges that at the time the Contractors Policies were issued and in effect, Brighton was conducting business in Pennsylvania. (Id. at 1-2.)

The threshold question under § 1404(a) is whether the proposed venue to which transfer is sought, the District of New Jersey, is an appropriate one. Cameli, 134 F. Supp. 2d at 405. Venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or

(3) if there is no district in which the action may otherwise be brought as provided by this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(a).

Here, as noted, Defendants submit that the action could have been brought in the District of New Jersey. (Doc. No. 7.) They contend that the District of New Jersey is an appropriate venue for this case because a substantial part of the events or omissions giving rise to the claims in the Underlying Action for liability, contribution, and indemnification occurred in New Jersey. (Doc. No. 1, Ex. I.) Further, New Jersey is the jurisdiction where the Underlying Action is pending and where the properties at issue are located. (Id.) Thus, the question that remains is whether the case ought to be transferred there.

In deciding whether to transfer a case under § 1404(a), a court must conduct a balancing test and weigh various factors in deciding whether the "interests of justice [would] be better served by transfer to a different forum." Jumara, 55 F.3d at 879. Courts are not limited to the three enumerated factors in § 1404(a) (convenience of parties, convenience of witnesses, or interests of justice), and instead may consider "all relevant factors." Id. While there is no definitive formula or list of factors to consider, a court's decision should be guided by the list of private and public interest factors identified by the Third Circuit. Id. Thus, the private interests that guide a court's analysis are as follows:

> [P]laintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

Id. (citations omitted). The public interests that guide a court's analysis are as follows:

> [T]he enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the

5

two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

Id. at 879-80 (citations omitted).

When, as here, no forum selection clause is in issue, the Court must consider "the private and public interests" in deciding whether a case should be transferred pursuant to § 1404(a). Id. at 879. "Unless the balance is strongly in favor of a transfer, the plaintiff's choice of forum should prevail." ADE Corp. v. KLA-Tencor Corp., 138 F. Supp. 2d 565, 567-68 (D. Del. 2001) (citing Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970)). Because, as discussed below, private and public interest factors do not weigh in favor of transferring venue, the Court will decline to transfer venue to the District of New Jersey.

### A. Private interest factors do not favor the transfer of this case to the United States District Court for the District of New Jersey

The first private interest factor is Plaintiff's forum preference as manifested in the original choice. Jumara, 55 F.3d at 873, 879. A plaintiff's choice of forum typically receives "paramount consideration." McAssey v. Discovery Mach. Inc., No. 16-0882, 2016 WL 1569689, at *2 (E.D. Pa. Apr. 18, 2016) (quoting Shutte, 431 F.2d at 24-25). Plaintiff's forum preference is the Eastern District of Pennsylvania. This preference must be accorded its due weight. See Shutte, 431 F.2d at 24-25. Further, this action is for a declaratory judgment on the scope of the Contractors Policies issued by State Farm not only to D.R. Horton but also to Brighton at its address in New Hope, Pennsylvania. (Doc. No. 1, Ex. A-F.) That the events giving rise to the underlying claims for liability took place in New Jersey is not enough to ignore the operative fact that the scope of the Contractors Policies is the subject of this litigation. When the policies were issued to Brighton at its Pennsylvania address, it did business in Pennsylvania. For these reasons, this factor weighs strongly in favor of retaining the case in this Court.

The second private interest factor is Defendants' preferred forum choice, which in this case is the District of New Jersey. Defendants' forum choice, however, "is entitled to considerably less weight than Plaintiff's, as the purpose of a venue transfer is not to shift inconvenience from one party to another." EVCO Tech. & Dev. Co. v. Precision Shooting Equip., Inc., 379 F. Supp. 2d 728, 730 (E.D. Pa. 2003). Given the proximity of the District of New Jersey to the location of this Court (the Camden courthouse, where this action would likely be assigned,[5] is less than three miles away), the District of New Jersey would not be considerably more convenient for Defendants. Therefore, the extent to which this factor weighs in favor of transfer is outweighed by Plaintiff's preference for retaining the case in this Court.

The third private interest factor considers the location where the claim arose. Defendants argue that the claim arose in New Jersey because the work performed that is the subject of the Underlying Action occurred there. (Doc. No. 7 at 8.) They contend that the Underlying Action, venued in the Superior Court of New Jersey, dictates that this action too belongs in a court in New Jersey. (Id. at 5.) This argument is unconvincing because the claim at issue here deals with the scope of the insurance policies, not the Underlying Action itself. These policies were issued and delivered to Brighton's New Hope, Pennsylvania address at the time the policy was first issued and for five years thereafter. (Doc. No. 1, Ex. A-F.) Defendants contend that Brighton's business operations in New Jersey show that Plaintiff contemplated the insured risk to be in New Jersey. (Doc. No. 33 at 6.) But while the Contractors Policies do contain additional insureds whose addresses were in New Jersey, there are a number of additional insureds whose addresses

---

[5] If this action were transferred to the District of New Jersey, it likely would be assigned to the Camden vicinage based on the location of the Underlying Action and Defendant D.R. Horton's stated principal place of business, both in Burlington County.

were in Pennsylvania. (Doc. No. 1, Exs. B, C, E, F.) For these reasons, this factor does not weigh in favor of transfer.

The fourth private interest factor is the convenience of the parties as indicated by their relative physical and financial condition. There is no evidence presented that demonstrates Defendants D.R. Horton and Brighton would incur additional expenses as a result of proceeding with the litigation in this Court rather than in the District of New Jersey. All parties possess substantial resources and do business in Pennsylvania. Therefore, this factor does not weigh in favor of transfer.

The fifth private interest factor is the convenience of witnesses. Witnesses employed by a party, however, carry little weight in this analysis. <u>McLaughlin v. GlaxoSmithKline, L.L.C.</u>, No. 12-3273, 2012 WL 4932016, at *5 (E.D. Pa. Oct. 17, 2012). "Party witnesses or witnesses who are employed by a party . . . have little impact on the 'balance of convenience' analysis" since each party is obligated to procure the attendance of its own employees for trial. <u>Id.</u> Regarding non-party witnesses, Defendants have not demonstrated that there are any such witnesses who would be inconvenienced by this action proceeding in the Eastern District of Pennsylvania rather than the District of New Jersey. Therefore, this factor does not weigh in favor of transfer.

The final private factor is the location of books and records. Though the records related to the claims and defenses of the Underlying Action are located in New Jersey, these documents are not more difficult to obtain in Pennsylvania. <u>See id.</u> ("[T]he technological advances of recent years have significantly reduced the weight of this factor in the balance of convenience analysis"). Therefore, this factor does not weigh in favor of transfer.

Thus, five of the six private interest factors do not weigh in favor of transfer to the District of New Jersey.

  **C. Public interest factors do not favor the transfer of this case to the United States District Court for the District of New Jersey**

The public interest factors also do not weigh in favor of transferring venue. The parties do not contest that the first factor, which considers the enforceability of the judgment, is neutral and need not be given any weight in the analysis, as the declaratory judgment will be equally enforceable in either forum. (Doc. Nos. 7, 9.) Therefore, the Court need not give this factor any weight in its analysis. See McCraw v. GlaxoSmithKline, No. 12-2119, 2014 WL 211343, at *6 (E.D. Pa. Jan. 17, 2014) (giving no weight to this factor where neither party contended that judgment would be unenforceable in either forum).

The second public interest factor concerns practical considerations that could make the trial easy, expeditious or inexpensive. Defendants' contention that this factor weighs in favor of transfer is unavailing. This Court and the District of New Jersey are located in proximity to each other and are easily accessible by public transportation. No evidence has been presented that shows transfer would be necessary for the convenience of any non-party witnesses or an expert. Moreover, expeditious considerations of the case can be given in both forums and expense is not a factor. Therefore, the second factor does not favor transfer.

The parties agree that the third factor regarding administrative difficulty resulting from court congestion is neutral and should not be given weight in the analysis. (Doc. Nos. 7, 9.)

The fourth public interest factor is the local interest in deciding controversies at home. Here, there is a local interest in deciding this controversy in this Court since this case involves interpretation of a contract entered into in Pennsylvania. Although this action arises from the Underlying Action currently pending in New Jersey, the controversy at issue is the scope of

coverage of the Contractors Policies. Therefore, this factor weighs in favor of retaining the case in this Court.

The fifth public interest factor is the public policies of the fora, and the sixth public interest factor is the familiarity of the trial judge with the applicable state law. Regarding the fifth and six public interest factors, no public policies of the two fora would necessitate transfer of this case from the Eastern District of Pennsylvania to the District of New Jersey. And while a choice of law determination has yet to be made, this Court can properly apply New Jersey law if necessary. Therefore, these factors do not weigh in favor of transfer.

In sum, Defendants have failed to identify facts that suggest the balance of convenience for the parties and witnesses or the interests of justice would be served in transferring this matter to the District of New Jersey. Accordingly, the Court will deny the Motion to Transfer Venue.

## V. CONCLUSION

For the foregoing reasons, the Motion to Transfer Venue (Doc. No. 7) will be denied. An appropriate Order follows.